UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YEFRI A. C. M., | Civil Action No. 20-13340 (SRC) |
| Petitioner, | |
| v. | OPINION |
| JOHN TSOUKARIS, et al., | |
| Respondents. | |

**CHESLER,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Yefri A. C. M., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 4), to which Petitioner has replied. (ECF No. 6). For the following reasons, this Court will deny the habeas petition without prejudice.

**I.  BACKGROUND**

Petitioner is a native and citizen of the Dominican Republic who was admitted to the United States as a lawful permanent resident in August 2010. (Document 1 attached to ECF No. 4). In July 2019, Petitioner was convicted of unlawful possession of a weapon in New Jersey state court. (*Id.*). Following Petitioner's sentence, on January 30, 2020, Petitioner was taken into immigration detention pursuant to 8 U.S.C. § 1226(c), and has remained detained since that time. (*Id.*). Following immigration proceedings including the litigation of two unsuccessful motions to terminate removal proceedings and Petitioner's applications for relief from removal (*see* Document 1 attached to ECF No. 5), an immigration judge ordered him removed on July 2, 2020. (Document 3 attached to ECF No. 4 at 1). Petitioner thereafter filed an appeal with the Board of

1

Immigration Appeals, which remains pending before the Board at this time. (*See* Document 14 attached to ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner argues that his continued immigration detention without a bond hearing pursuant to 8 U.S.C. § 1226(c) violates his right to Due Process in light of the Third Circuit's decision in *Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 209 (3d Cir. 2020). In *Santos*, the Third Circuit reaffirmed that detention without a bond hearing under § 1226(c) can amount to an unconstitutional application of the statute in those cases where the detention becomes so prolonged as to be arbitrary. *Id.* In determining whether detention has become unconstitutionally prolonged, *Santos* instructs courts to look to the following factors – the length

of detention and the likelihood that detention will continue for a considerable time, the cause for any delays in the underlying immigration proceedings especially where any such delay is the result of bad faith or carelessness by one of the parties, and whether the conditions under which the petitioner is confined is "meaningfully different from [punitive] criminal detention." *Id.* at 210-11. The first factor – the length of detention – is the most important to be considered and is accorded the greatest weight in determining whether continued detention without bond amounts to an unconstitutional application of the statute. *Id.* The Third Circuit, however, rejected a bright line rule approach, finding that even detention of over a year may pass constitutional scrutiny, as it is only meaningfully different from criminal detention." *Id.* at 210-11.

In this matter, Petitioner has been detained for just over a year – since January 30, 2020 – and is currently subject to an order of removal with an appeal of that order pending before the Board of Immigration Appeals pending since early July 2020. Given the length of time his appeal has been before the Board, and the fact that detention under § 1226(c) will conclude – and mandatory detention under 8 U.S.C. § 1231(a) begin – upon the issuance of a decision affirming the order of removal by the Board, this Court concludes that, absent a decision from the Board overturning Petitioner's order of removal, Petitioner's detention under § 1226(c) is likely to continue only for a brief time until the Board issues its decision on Petitioner's appeal. Standing on its own, this period of detention and the likely brief period of additional detention is not so prolonged in and of itself to impugn Petitioner's right to Due Process. *See, e.g., Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018). Turning to the delays in Petitioner's removal proceedings, it appears that Petitioner's proceedings before the immigration judge concluded in relatively expedient fashion, delayed in large part only by Petitioner's apparently good faith challenges to his charges of removal including two motions to terminate proceedings and Petitioner's

3

applications for relief from removal,[1] and the Court thus finds that the delay factor therefore neither weighs in favor of or against a finding that Petitioner's detention has become prolonged.  Turning to the final factor, Petitioner's conditions of confinement – which include being housed in a special unit within a county jail separate and apart from convicted prisoners and pre-trial detainees – are meaningfully different from detention within a state prison such as that which was at issue in *Santos*, and, notwithstanding the ongoing COVID-19 pandemic,[2] those conditions do not provide any significant support for the conclusion that Petitioner's detention for just over a year has become unconstitutionally prolonged.  Having considered all of the relevant factors, this Court concludes that Petitioner's ongoing detention has not yet become so unduly prolonged as to amount to a violation of his right to Due Process, and Petitioner is therefore not entitled to a bond hearing at this time.  Petitioner's habeas petition is therefore denied without prejudice.

---

[1] Petitioner attempts to argue that the Government was unreasonable for pursuing removal initially based solely on Petitioner's prior weapons conviction, and by only adding charges of removability based on other qualifying convictions after Petitioner challenged that basis for removal, arguments which apparently failed to persuade the immigration judge assigned to Petitioner's case to grant him relief from removal.  This Court need not and will not second guess the immigration judge's decisions as Petitioner is required to exhaust those claims before the BIA before presenting them here, but in any event finds that the Government does not appear to have acted unreasonably – it sought to remove Petitioner based on his criminal record, and amended its charges, as it is permitted to do by statute, *see Gilkes v. Att'y Gen.*, 617 F. App'x 168, 173 (3d Cir. 2015), when that basis was challenged, ultimately resulting in an order of removal.  The Government's actions do not retroactively become unreasonable solely because Petitioner disagrees with their outcome.

[2] Petitioner does not argue in his petition that COVID-19 provides a basis for relief in and of itself, *see generally Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020), but instead suggest that the virus and resulting conditions renders his current detention indistinguishable from criminal punishment.  *Hope*, however, stands for the proposition that immigration detention is not likely to be unduly punitive, and thus amount to a constitutional violation, where the facility in question has taken sufficient steps to mitigate the threat the virus poses to its detainee population.  *Id.* at 325-29.  The documents submitted in this matter show that the jail in which Petitioner is detained has taken substantial protective steps in light of COVID-19 (*see* Document 4 attached to ECF No. 4), and this Court thus rejects the suggestion that COVID-19 has rendered Petitioner's detention indistinguishable from criminal punishment on the record presented.

**III. CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.  An appropriate order follows.

Dated: February 9, 2021

s/ Stanley R. Chesler
Hon. Stanley R. Chesler,
United States District Judge